UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DELILAH ROSE V., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-626 RSM <br><br> **ORDER AFFIRMING DENIAL OF BENEFITS** |

Plaintiff appeals denial of her applications for Supplemental Security Income. Plaintiff contends the ALJ erred by finding fibromyalgia non-severe and a walker unnecessary and by rejecting two medical opinions, and contends the ALJ was not properly appointed at the time of her hearing. Dkt. 23. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 50 years old, has a limited education, and has no past relevant work. Dkt. 21, Admin. Record (AR) 25. Plaintiff applied for benefits in September 2016, and alleges disability as of December 2015. AR 15. After conducting a hearing in April 2018, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date through the September 2018 date of the decision. AR 35-70, 15-27. The ALJ found Plaintiff had severe physical

ORDER AFFIRMING DENIAL OF BENEFITS
- 1

impairments of cervical degenerative disc disease with stenosis and lumbar facet hypertrophy with disc bulges, and severe mental impairments of anxiety, affective, learning, and personality disorders. AR 17. She was limited to simple, routine, light-exertion work, occasionally reaching overhead, with occasional incidental contact with coworkers and the public. AR 20.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the Commissioner's final decision. AR 4-6. Although Plaintiff did not appeal the ALJ's decision to this Court within the required 60 days, she retained new counsel who wrote to the Appeals Council, requesting extension of the deadline and stating that under *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018) "it appears that the ALJ in [Plaintiff's] case was not properly appointed." Dkt. 24, Ex. A at 1. The Appeals Council granted the extension but made no mention of the appointment issue. AR 1-3.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.    Fibromyalgia**

Plaintiff contends the ALJ erred by failing to adopt a previous ALJ's finding that fibromyalgia was a severe impairment.[1] Dkt. 26 at 6.

Plaintiff filed a previous application for SSI, which was denied in an ALJ decision that became administratively final in August 2012. AR 17; AR 74-94. Plaintiff did not appeal the

---

[1] In her opening brief, Plaintiff frames the error as a failure to adopt the previous ALJ's RFC determination. Dkt. 23 at 9. This makes no sense, however, because based on that RFC the previous ALJ found Plaintiff was not disabled. At most the current ALJ's failure to adopt the previous RFC would be harmless error.

ORDER AFFIRMING DENIAL OF BENEFITS
- 2

denial. The ALJ in the 2012 decision found Plaintiff's severe impairments included fibromyalgia because "the claimant continues to report symptoms of pain related to fibromyalgia," physical examination documented "multiple trigger point findings," and "Bashyam Iyengar, MD, diagnosed fibromyalgia and prescribed pain medication for break through flare-ups." AR 77.

In general, an ALJ's determination that a claimant is not disabled "creates a presumption that the claimant continued to be able to work after that date." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). "The presumption does not apply, however, if there are changed circumstances" in a subsequent application, such as a change in age category, the existence of an impairment not considered in the previous application, or where the claimant was unrepresented by counsel in the prior claim. *Id.* (internal quotation marks and citation omitted). When the presumption of continuing nondisability has been rebutted, "[t]he first administrative law judge's findings … are entitled to some *res judicata* consideration in subsequent proceedings." *Chavez v. Bowen*, 844 F.2d 691, 694 (9th Cir. 1988). In applying the *Chavez* holding, the Commissioner ruled that an ALJ "must adopt" all findings from the prior decision "required at a step in the sequential evaluation process for determining disability … with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." Acquiescence Ruling 97-4(9).

Here, the ALJ declined to reopen the prior decision, but proceeded through the five-step disability determination process, thus implicitly finding the presumption of continuing nondisability had been rebutted. *See* AR 15. Plaintiff contends the ALJ harmfully erred by failing to adopt the prior ALJ's step-two finding that fibromyalgia was a severe impairment.

ORDER AFFIRMING DENIAL OF BENEFITS
- 3

1  Dkt. 26 at 6. The Commissioner contends *Chavez* is inapplicable because the prior ALJ did not
2  apply SSR 12-2p, which had been issued one month before, and because Plaintiff did not seek
3  treatment for fibromyalgia during the period at issue in this case, unlike the period at issue in the
4  2012 ALJ decision. Dkt. 25 at 12. Plaintiff argues she did seek treatment for fibromyalgia
5  during the relevant period, but only cites records that mention fibromyalgia without noting any
6  treatment for it. AR 806, 843, 913. The ALJ's finding that Plaintiff received no treatment for
7  fibromyalgia was supported by substantial evidence. Failure to seek treatment was sufficiently
8  new and material evidence that the ALJ was not required to adopt the 2012 finding.

9        The ALJ's finding that fibromyalgia was not a severe medically determinable impairment
10 after the 2016 alleged onset date was supported by substantial evidence. Under SSR 12-2p, to
11 find fibromyalgia a medically determinable impairment requires (1) a history of widespread pain,
12 (2) evidence other disorders that could cause the symptoms were excluded, and (3) either 11
13 positive of 18 specified tender points or "[r]epeated manifestations of six or more [fibromyalgia]
14 symptoms, signs, or co-occurring conditions." SSR 12-2p. The ALJ noted the record contained
15 "no evidence of a fibromyalgia diagnosis pursuant to the criteria set forth in SSR 12-2p," and
16 Plaintiff has not identified any. AR 17. Plaintiff contends it would be unfair not to adopt the
17 prior ALJ's finding because Dr. Iyengar's diagnosis, on which the prior ALJ relied, is not part of
18 the current record. Dkt. 23 at 8. However, no evidence before this Court indicates Dr. Iyengar's
19 diagnosis fulfilled the requirements of SSR 12-2p. It was Plaintiff's burden to provide proof she
20 is disabled. 20 C.F.R. § 416.912(a); *see also Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir.
21 2012) (the party challenging an administrative decision bears the burden of proving harmful
22 error) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)).

23       Even if the Court were to assume Dr. Iyengar's diagnosis satisfied SSR 12-2p, making

ORDER AFFIRMING DENIAL OF BENEFITS
- 4

fibromyalgia a medically determinable impairment, the ALJ also noted "no evidence of … treatment in the medical evidence of record." AR 17. Impairments are severe only if they "significantly limit" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 416.922(a). The ALJ reasonably interpreted Plaintiff's failure to seek treatment as indicating she was not significantly limited by fibromyalgia, and thus it was not severe.

The Court concludes the ALJ did not err by finding fibromyalgia was not a severe medically determinable impairment.

**B.      Use of a Walker**

The ALJ found Plaintiff's severe impairments included cervical degenerative disc disease and stenosis, and lumbar facet hypertrophy with disc bulges. AR 17. She could stand and/or walk six hours per day. AR 20. The ALJ rejected Plaintiff's testimony that she had "difficulty walking and currently uses a walker" because her back complaints were contradicted by the medical evidence. AR 21. Plaintiff does not challenge the ALJ's rejection of her testimony. *See* Dkt. 23.

Plaintiff contends her walker was prescribed, but the record she cites in support only shows "recommended use of a front-wheeled walker for the next 2 to 4 weeks…." AR 781. Plaintiff asserts her "inability to stand is well documented." Dkt. 23 at 11. But one record she cites only shows temporary difficulty walking, for five days before she went to the emergency room, from which she was discharged with the recommendation to use a walker for a few weeks. AR 772, 781-82. Temporary limitations are not relevant to the Social Security disability determination. *See* 20 C.F.R. § 416.905(a). The other record Plaintiff cites documents her complaints of difficulty walking, but also documents the provider's observations that Plaintiff could reach behind her, "twisting [her] spine with no pain complaints," and donned her

ORDER AFFIRMING DENIAL OF BENEFITS
- 5

"footwear and shirt with no noted grimacing or pain complaints." AR 872. The provider assessed Plaintiff as "at baseline" with "[n]o further treatment" planned. AR 874. This record does not deprive the ALJ's finding of substantial evidence. The ALJ discounted Plaintiff's self-reports. And the provider's observations and assessment tend to support, rather than undermine, the ALJ's finding.

Even Plaintiff's own testimony does not support the ongoing need for a walker. She testified she "was on the walker for ten days after [being] in the hospital for five [days]." AR 57. She did not testify to an ongoing need for a walker. In her 2016 function report she stated she could walk and, when asked what assistive devices she used, she did not check the box for a walker. *See* AR 225, 226.

The Court concludes the ALJ did not err by failing to include a requirement for a walker in the RFC.

**C.     Medical Opinions**

A treating physician's opinion is generally entitled to greater weight than an examining physician's opinion, and an examining physician's opinion is entitled to greater weight than a nonexamining physician's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). When a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may reject it by stating "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

**1.     Treating Physician John Hruby, M.D.**

In a November 2015 letter, Dr. Hruby provided a list of physical and mental "medical problems" and stated Plaintiff was "unable to be gainfully employed at this time." AR 526. The ALJ gave Dr. Hruby's November 2015 opinions "no weight" because they were unsupported and

ORDER AFFIRMING DENIAL OF BENEFITS
- 6

inconsistent with the medical evidence.  AR 25.  In August 2019, Plaintiff submitted to the Appeals Council a letter from Dr. Hruby providing a list of "medical problems"[2] and stating Plaintiff was "perma[n]ently medically di[s]abled and unable to be gainfull[y] employed."  AR 11.  The Appeals Council found Dr. Hruby's 2019 letter "does not show a reasonably probability that it would change the outcome of the decision."  AR 5.

      Plaintiff contends Dr. Hruby's opinions were supported by the medical record because he "indicated she had medical problems including 'chronic pain' and 'myofascial pain'" and documented trigger points.  Dkt. 23 at 13 (citing AR 362-471); Dkt. 26 at 8 (citing AR 367).  There is no dispute Plaintiff experiences pain symptoms from her impairments.  But nothing Plaintiff identifies in over a hundred pages of Dr. Hruby's records would support such extreme functional limitations, or show the ALJ erred by rejecting his opinion of total disability.  Plaintiff points to a note showing Dr. Hruby sent Plaintiff for a consultation with a neurosurgeon who found "clear surgical indication" for lumbar surgery pending cervical MRI results, but another neurosurgeon concluded it was "not clear [Plaintiff] needs surgical intervention given her good strength in her L[ower] E[xtremities] and lack of urinary incontinence."  AR 915; AR 867.  The ALJ permissibly resolved conflicts in the medical evidence, concluding it did not support Dr. Hruby's opinion of total disability.  *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[I]f evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision."); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (it is the ALJ's role to resolve conflicts in the medical evidence).  In any case, a recommendation for surgery does not explain Dr. Hruby's opinion of total disability.

---

[2] It is unclear which if any of these contributed to Dr. Hruby's opinion of total disability.  The list includes "Jehovah Witness" and "Family history of cancer of colon."  AR 11.

Plaintiff argues the "ALJ erroneously determined that there was no ongoing treatment" for stool incontinence. Dkt. 23 at 14. Plaintiff fails to explain how this relates to Dr. Hruby's opinions. His 2019 letter did not even list stool incontinence among Plaintiff's "medical problems" causing permanent disability. AR 11. The record contains a few mentions of "some incontinence" but Plaintiff never reported weekly incidents as she claimed in her testimony.[3] *See, e.g.*, AR 321 ("accidents in the form of urgency and some incontinence"), 323. At times she denied "any … bowel problems." AR 913. The ALJ permissibly resolved the conflicting evidence to conclude incontinence did not cause total disability, as Dr. Hruby opined.

The Court concludes the ALJ did not err by discounting Dr. Hruby's 2015 opinions, and the Appeals Council did not err by finding Dr. Hruby's 2019 opinions did not undermine the ALJ's decision.

**2.     Examining Doctor Ellen L. Walker, Ph.D.**

In May 2017 Dr. Walker examined Plaintiff and diagnosed her with post-traumatic stress disorder (PTSD), bipolar disorder, major neurocognitive disorder due to traumatic brain injury, and mild intellectual disability. AR 675, 678. Dr. Walker opined Plaintiff would have several problems working, including struggling to recall even simple instructions and difficulty maintaining attendance "because of physical issues as well as depression and other mental health issues." AR 678.

In January 2018 Dr. Walker examined Plaintiff again and diagnosed PTSD, panic disorder, and major depression. AR 801. She opined Plaintiff had marked limitations in learning new tasks, adapting to changes, taking normal precautions, communicating and performing, and

---

[3] In fact, a report of "new stool incontinence" in January 2018 suggests it had not occurred before then. *See* AR 881.

ORDER AFFIRMING DENIAL OF BENEFITS
- 8

1    completing a normal work day and work week.  AR 802.

2          The ALJ gave "no weight" to Dr. Walker's opinions because they relied on "multiple
3    misrepresentations" Plaintiff made about a head injury, drug use, and a prior suicide attempt.
4    AR. 24.  Plaintiff contends this was error, because "Dr. Walker was in possession of [Plaintiff's]
5    medical records, and Dr. Walker conducted her own testing."  Dkt. 26 at 9.  Plaintiff points to
6    Dr. Walker's 2017 testing showing "borderline or deficient" intelligence, with scores in the 4th
7    percentile rank or lower, and "deficient" memory, with scores in the 1st percentile rank or lower.
8    AR 677-78.  However, the ALJ also relied on the opinions of a nonexamining State agency
9    psychologist, John D. Gilbert, Ph.D., who found Dr. Walker's testing invalid.  AR 24.  Dr.
10   Gilbert explained that the "extremely low" results were "not credible" because they were
11   "inconsistent with reported functioning," including Plaintiff's own self-reports that she was
12   independent with activities of daily living.  AR 121.  Dr. Gilbert also explained how Plaintiff's
13   reports of a traumatic brain injury were inconsistent with Dr. Walker's report.  For example,
14   memory loss would be expected primarily for the time before the event, but Plaintiff claimed
15   memory loss for the time afterward.  *Id.*  The ALJ reasonably favored Dr. Gilbert's clear, logical
16   explanations over Dr. Walker's failure to address inconsistencies such as how a person with such
17   extreme intelligence and memory deficits could manage her activities of daily living.  Plaintiff's
18   argument that the ALJ did not explain why Dr. Gilbert's opinions warranted greater weight fails.
19   That Dr. Walker's opinions were based on unreliable information was a specific and legitimate
20   reason to discount them.  *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012).

21         Plaintiff's other arguments fail as well.  Plaintiff speculates she may have been going
22   through withdrawal and may have been assaulted by officers, citing her self-reports while in jail.
23

ORDER AFFIRMING DENIAL OF BENEFITS
- 9

1 *Id.* (citing AR 621-26).[4]  But her self-reports were permissibly discounted.  Plaintiff also argues

2 the "ALJ failed to explain why [Plaintiff] has been prescribed chronic pain medications and

3 antipsychotic medications for many years."  Dkt. 23 at 15.  There is no dispute Plaintiff

4 experiences physical and mental symptoms.  Use of medication does not establish the severity of

5 her remaining symptoms.

6      The Court concludes the ALJ did not err by discounting Dr. Walker's opinions.

7 **D.     Appointment Clause**

8      Plaintiff contends the ALJ was not properly appointed, under the Appointments Clause of

9 the U.S. Constitution, at the time of her April 2018 hearing.  Dkt. 23 at 5.  In June 2018, the

10 Supreme Court in *Lucia* held that an S.E.C. ALJ who conducted the claimant's hearing and

11 issued a decision was not properly appointed under the Appointments Clause at the time, and

12 thus did not have legal authority to preside over the case.  The Commissioner does not dispute

13 that the holding in *Lucia* applies to Social Security ALJs or that, at the time of Plaintiff's

14 hearing, the ALJ had not been properly appointed under the Appointments Clause.

15      In July 2018, the Commissioner ratified the appointments of Social Security ALJs.  *See*

16 SSR 19-1p.  There is no dispute that the ALJ was properly constitutionally appointed when she

17 issued her decision in Plaintiff's case in September 2018.  AR 27.  In November 2018, Plaintiff

18 submitted to the Appeals Council a request to review the ALJ's decision, without mentioning

19 any Appointments Clause challenge.  AR 306-09.  In September 2019, the Appeals Council

20 denied Plaintiff's request.  AR 4-6.  In December 2019, having retained different counsel,

21 Plaintiff wrote to the Appeals Council requesting an additional 60 days to file a civil action, and

22

23 [4] Plaintiff also argues providers "begged jail officials to continue her anti-psychotic medication," but the cited record contains no such information.  Dkt. 23 at 16 (citing AR 618).

ORDER AFFIRMING DENIAL OF BENEFITS
- 10

added "it appears that the ALJ in [Plaintiff's] case was not properly appointed [under *Lucia*], as her hearing was held on April 26, 2018." Dkt. 24, Ex. A at 1.

There is no dispute that Plaintiff's claim was adjudicated by a properly constitutionally appointed ALJ. Plaintiff argues "the ALJ did not have the authority to take sworn testimony, review evidence and reach an ultimate disability determination." Dkt. 23 at 6. But the ALJ was properly appointed at the time she reviewed the evidence to reach a disability determination. The only issue here is whether the ALJ not being properly appointed at the time of taking testimony somehow deprived the decision of validity.[5]

Magistrate Judge Mary Alice Theiler has ruled on procedurally similar cases, where a hearing was held prior to *Lucia* and a decision was issued after ALJ appointments were ratified. She rejected an Appointments Clause challenge "[b]ecause the ALJ's decision represents the adjudication of Plaintiff's case, and the ALJ's appointment had been ratified at the time the decision was entered…." *Patrick C. v. Saul*, No. C19-6051-MAT, 2020 WL 3035354, at *4 (W.D. Wash. June 4, 2020). Judge Theiler rejected another Appointments Clause challenge where, although an improperly appointed ALJ conducted the hearing, another ALJ, whose appointment had been ratified, issued the decision. It is "the ALJ's status on the date of the decision that is relevant for purposes of the Appointments Clause." *Richard H. v. Saul*, No. C19-5985-MAT, 2020 WL 3035360, at *4-5 (W.D. Wash. June 4, 2020). Judge Theiler's holdings find further support in the Commissioner's ruling, in response to *Lucia*, that the Appeals Council will address "a challenge under the Appointments Clause to the authority of the ALJ *who issued*

---

[5] The Court notes Social Security regulations define evidence exceptionally broadly, and statements not made under oath are given full consideration. *See* 20 C.F.R. § 416.913(a) ("evidence is anything you or anyone else submits to us or that we obtain that relates to your claim"). Even if the ALJ were not authorized to take the testimony, no party suggests the testimony should be excluded from consideration.

ORDER AFFIRMING DENIAL OF BENEFITS
- 11

*the decision*…." SSR 19-1p (emphasis added).[6]

The Court finds Judge Theiler's reasoning persuasive. Plaintiff offers no reason a properly appointed ALJ's decision is invalid based on the status of the ALJ at the time of the hearing. The Court concludes Plaintiff has failed to a raise a valid Appointments Clause challenge to the adjudication of her case. Accordingly, the Court need not address whether Plaintiff's challenge was timely raised.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 8th day of March, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] While SSRs do not have the force of law, courts nonetheless defer to SSRs unless they are plainly erroneous or inconsistent with the Social Security Act or regulations. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

ORDER AFFIRMING DENIAL OF BENEFITS
- 12